IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Robert Treffiletti, | |
| Plaintiff, | Case No. |
| v. | |
| Agence France-Presse, | |
| Defendant. | |

## COMPLAINT

Robert Treffiletti ("**Treffiletti**"), by and through his attorneys at PHILLIPS & BATHKE, P.C., complains of Agence France-Presse ("**AFP**"), stating as follows:

### Parties, Jurisdiction & Venue

1.     Treffiletti is an individual residing in Albany, New York.

2.     AFP is a French autonomous entity.

3.     AFP's registered office and principal place of business is at 11-15, Place de la Bourse, 75002 Paris, France.

4.     Based on the foregoing, this Court has jurisdiction over AFP under Federal Rule of Civil Procedure 4(k)(2).

1

5.      Venue is proper here as AFP can be sued in any judicial district. 28 U.S.C.

§ 1391(c)(3).

6.      This Court has jurisdiction over the subject matter of this litigation as it

concerns the application of federal law, the Copyright Act of 1976, as

amended.

## Facts Common to All Counts

### Treffiletti & The Bob Treffiletti Project

7.      Treffiletti is a retired New York State employee.

8.      He is 74 years old.

9.      Treffiletti is also a DJ and entertainer who started The Bob Treffiletti

Project.

10.     Treffiletti provides DJ entertainment services to senior citizens.

11.     The Bob Treffiletti Project's website is as follows:

http://thebobtreffilettiproject.com (**"the Website"**).

### AFP & Its Agents

12.     AFP is a foreign news agency based in Paris, France.

13.     PicRights Gmbh is a Swiss company that provides online tools for its clients to monitor and monetize third party use of images in which its clients purportedly own the copyright.

14.     PicRights is not a law firm.

15.     PicRights either contracts with or has some sort of relationship with The Law Office of Higbee & Associates ("**Higbee**") in the U.S. to escalate copyright infringement claims on behalf of PicRights' clients.

16.     According to its website, PicRights also appears to provide its clients with legal advice despite not being a law firm.

17.     Upon information and belief, since at least as early as 2019, AFP has used PicRights to monitor the web for third party use of images in which AFP claims to own the copyright.

18.     Since at least as early as 2019, AFP has aggressively pursued third parties for their use of images in which AFP claims to own the copyright.

19.     AFP's *modus operendi* is to use PicRights or by extension Higbee to contact third parties by email, letter, and telephone to demand payment for use of images in which AFP claims to own the copyright.

20.     When Higbee is involved, legal assistants at the law firm threaten to escalate AFP's copyright disputes to litigation as a means to persuade payment of demanded settlement fees and the execution of one-sided releases.

21.     In fact, legal assistants play a major role in the handling of claims at Higbee. And often, no attorney from Higbee will be included in the email correspondence despite substantive matters being addressed therein.

22.     Upon information and belief, Higbee does not take time to fully investigate the copyright infringement matters that they receive from PicRights.

<u>The Photograph</u>

23.     The work at issue in this case is a photograph of Bruno Mars (**"the Photograph"**)

24.     The Photograph was taken by Gabriel Bouys.

25.     Upon information and belief, Gabriel Bouys is French.

26.     The Photograph was first published in France.

The Dispute

27.     In 2014, the Photograph was posted on the Website as a rotating banner with other images.

28.     On or about July 14, 2023, Treffiletti received a phone call from an employee at Higbee: a junior legal assistant named Alycen Baker.

29.     During that call Ms. Baker informed Treffiletti that Higbee represented AFP and that she was contacting Treffiletti concerning an image on his website.

30.     On or about July 14, 2023, Ms. Baker sent Treffiletti a follow up email with a .pdf letter from Higbee on behalf of AFP, see attached Exhibit 1 (**"the Letter"**).

31.     Given Treffiletti's age and confusion concerning the reported dispute with AFP, Treffiletti had his son Cory Treffiletti contact Higbee on his behalf to resolve the matter.

32.     On or about July 14, 2023, the Photograph was removed from the Website.

33.     According to the Letter, AFP made several unsuccessful efforts to resolve this dispute.

34.    Treffiletti's son therefore asked for a copy of prior communications from AFP concerning the dispute.

35.    Higbee either ignored the request for AFP's prior communications or simply declined to respond.

36.    In any event, undersigned did not receive a copy of any communications to which Higbee had referred in the Letter.

37.    The July 14, 2023, phone call and the Letter was the first time Treffiletti had any knowledge about AFP's copyright claim concerning the Photograph.

38.    Treffiletti's son informed Higbee that the Photograph had been immediately removed.

39.    And despite Treffiletti's son's best efforts to explain that his father was unable to pay the amount demanded in the letter, given his age and retired status, Higbee threatened to escalate the matter to litigation.

40.    Treffiletti then engaged undersigned counsel's services to try to amicably resolve this matter with AFP.

41.    In the **"Release"** attached to the Letter, <u>Exhibit 1</u>, AFP refuses to commit to being the copyright owner of the Photograph.

42.    In paragraph 2 of the Release, AFP represents and warrants as follows:

> AFP represents and warrants that it owns, or represents the photographers who own, the copyrights in the Images, and that it has all necessary rights and authority to enter into this Agreement on behalf of itself and its photographers.

43.     A party cannot be assigned the mere right to sue for copyright infringement in the U.S.

44.     As written, the Release language in paragraph 42 suggests that AFP may only have the right to sue on behalf of the photographer of the Photograph, and therefore does not have standing to bring a copyright infringement claim against Treffiletti.

45.     To clarify this point and resolve the issue, undersigned edited the Release to ensure that AFP warranted its actual ownership in the copyright.

46.     Undersigned proposed the following addition to the Release language:

> AFP further represents and warrants that it is the copyright owner of the Images during the relevant dates at issue in this matter, and no other party has the legal authority to bring any copyright claim or action whatsoever in connection with the Images.

47.     In response, Higbee refused the proposed copyright ownership language and insisted on the following language:

> AFP represents and warrants that it owns, or represents the photographers who own, the copyrights in the Images, and that it has all necessary rights and authority to enter into this Agreement on behalf of itself and its photographers. AFP further

represents and warrants that no other party has the legal authority to bring any copyright claim or action whatsoever in connection with the Images.

48.     Based on Higbee's proposed language in paragraph 47, it still remained

unclear whether AFP or the photographer, Gabrierl Bouys, is the owner of the

copyright in the Photograph.

49.     If Gabriel Bouys is the copyright owner of the Photograph, then AFP does

not have a copyright infringement claim against Treffiletti.

50.     Undersigned pointed this out to Higbee by email.

51.     Higbee responded as follows:

We will need to keep this language as is. AFP is a French cooperative news agency. AFP and our firm are protecting the photographer's copyright so it still is and remains the copyright holder's suit. AFP is authorized to act on the photographer's behalf, in such cases where AFP (as the agency) is not the actual copyright holder.

52.     Higbee's response in paragraph 51 did not resolve Treffiletti's

justified concern that the photographer is the copyright owner of the

Photograph, not AFP.

53.     Still, given AFP's imminent threat of litigation, undersigned

attempted another way to resolve the dispute amicably.

54.     Undersigned responded with a request for an indemnification

clause.

55.     A limited indemnification clause would provide certainty to

Treffiletti should the photographer decide to initiate a lawsuit against

him.

56.     If the photographer initiated a lawsuit, then AFP would cover any

damages stemming from the same.

57.     Thus, the risk associated with AFP's inability to warrant copyright

ownership would be mitigated.

58.     Higbee refused the request for an indemnification clause and

stated as follows:

>    ...we will not indemnify. As an added point, AFP is employer author;
>    it - alone - has the rights.  17 USC 201(b).

59.     Higbee had in the course of only a few emails contradicted AFP's

position concerning who owned the copyright in the work.

60.     That raised alarms for Treffiletti.

61.     Treffiletti, through counsel responded as follows:

>    If the work is in fact a work made for hire, then [AFP] is the
>    copyright owner not the photographer.  That is fine.  But the

9

language "or represents the photographer who owns it" would then not be needed. Both the representation that [AFP] owns the work and that the photographer owns the work does not make logical sense here.

If your client does not want to indemnify and does not want to take out the language "or represents the photographer who owns it" then we need to have the photographer made a party to the agreement and sign the agreement.

62. Higbee's legal assistant Alexis Kreuz responded as follows:

As provided in the certificate of registration, AFP is the copyright holder and them alone can create a claim. Unfortunately, it seems we're at an impasse on this matter and it may be better for this matter to be escalated to our litigation team for review. Would you be accepting service?

63. AFP's inconsistent representations by email were concerning.

64. Further research was undertaken.

65. France does not have a "work made for hire" doctrine.

66. Without an express written agreement, a photographer employee remains the author of the work.

67. Based on this information, undersigned requested a telephone call with Higbee to explain the problems with AFP's claims and either secure an indemnification or have the photographer added to the agreement.

68.     On August 11, 2023, undersigned had a telephone conversation with one of Higbee's attorneys: Reginald Russell.

69.     During the call, undersigned informed Higbee about the issue with copyright ownership under French law.

70.     Undersigned requested information concerning the nationality of the photographer and whether there was an express agreement between the photographer and AFP concerning the Photograph.

71.     As to the nationality of the photographer, Higbee responded that it did not know whether the photographer was French.

72.     Higbee informed undersigned that the requested information was not needed and that if it had to take the time to acquire this information, then AFP would just proceed with a lawsuit.

73.     AFP refuses to provide indemnification for copyright infringement claims by the photographer and refuses to add the photographer to the agreement.

74.     Treffiletti undertook every reasonable effort to resolve the situation short of litigation.

75.     This lawsuit follows.

**Count I**
**Declaratory Judgment of Non-Liability Due to Time Bar**

76.     Treffiletti realleges each of the forgoing paragraphs as if fully set forth

here.

77.     In the Letter (Exhibit 1), there is an attached screenshot from the U.S.

Copyright Office's Public Catalogue, which was taken on July 22, 2019.

78.     Based on the foregoing, AFP, itself or through its agents, was aware of

the supposed infringement here since at least as early as July 22, 2019.

79.     Even if AFP did not have direct knowledge about the infringement, AFP

should as a reasonable person have learned about Treffiletti's use of the

Photograph since the date the Photograph was displayed.

80.     It has been more than three years since July 22, 2019.

81.     It has been more than three years since the Photograph was displayed

on the Website.

82.     Copyright claims must be asserted within three years. 17 U.S.C. § 507.

83.     Even so, AFP, through its agents, assert there is a case or controversy

between the parties.

84.     Treffiletti is entitled to a declaration of non-liability for the supposed

bad acts he is accused of by AFP.

**Count II**
**Declaration of Non-Ownership of Copyright**

85.     Plaintiff realleges each of the forgoing paragraphs as if fully set forth here.

86.     AFP is a French entity.

87.     Upon information and belief, the author of the Photograph, Gabriel Bouys, is French.

88.     The Photograph was first published in France.

89.     French law does not allow for works made for hire.

90.     Thus, absent a written agreement transferring ownership of the complained of work from the photographer in question to AFP, the latter does not own the copyright.

91.     Without owning the copyright, AFP does not have a claim against Treffiletti for copyright infringement.

92.     Upon information and belief, Gabriel Bouys did not expressly transfer the copyright in the Photograph to AFP.

93.     In the Letter, AFP claims to own U.S. Copyright Registration, VA0001943906 ("**Registration**").

94.     AFP claims that the Photograph is one of the works included in the Registration.

95.     The Registration states that the works at issue in the Registration were first published in France and that AFP is French.

96.     The Registration does not state that there was any express agreement entered into concerning the works at issue in the Registration.

97.     AFP is not the copyright owner of the Photograph and cannot maintain its threatened copyright infringement claim against Treffiletti.

98.     Treffiletti is thus entitled to a declaration of non-liability for the supposed bad acts he is accused of by AFP.

**Count III**
**Cancellation of Copyright Registration**

99.     Plaintiff realleges each of the forgoing paragraphs as if fully set forth here.

100.    This Court has the power to direct a party to cancel its copyright registration.

101.    AFP is a French entity.

102.    AFP claims to own the Registration reported in the Letter.

103.    According to the Registration, AFP is an employer for hire.

14

104.    According to the Registration, AFP is the author and claimant of the works at issue in the Registration.

105.    According to the Registration, the works at issue in the Registration were first published in France and that AFP is French.

106.    In the Registration, there is no mention of an express copyright transfer agreement.

107.    Upon information and belief, at least one of the employee authors of the works identified in the Registration is French.

108.    French law does not allow for works made for hire.

109.    The Registration is thus invalid.

110.    As a result, this Court should order AFP to voluntarily cancel the Registration.

For these reasons, Plaintiff Robert Treffiletti requests that this Court:

A.  Enter judgment in favor of Robert Trefriletti and against Agence France-Presse as to each count of the Complaint;

B.  Declare Robert Treffiletti not liable for any infringement of the image in question;

C.  Declare Agence France-Presse does not own the copyright in the image
    in question;

D.  Ordering Agence France-Presse to voluntarily cancel its copyright
    registration number VA0001943906;

E.  Find Robert Treffiletti to be a prevailing party;

F.  Award Robert Treffiletti his costs;

G.  Award Robert Treffiletti his reasonable attorneys' fees;

H.  Provide any other relief the Court deems appropriate.

**Plaintiff demands a trial by jury on all counts so triable.**

Respectfully,
Robert Treffiletti, by

/s/ John T.D. Bathke
John T.D. Bathke (IL 6305438)
PHILLIPS & BATHKE, P.C.
53 West Jackson Boulevard
Suite 805
Chicago, Illinois 60604
312 260 9160
jtdb@pb-iplaw.com

Jonathan LA Phillips (IL 6302752)
PHILLIPS & BATHKE, P.C.
4541 North Prospect Road
Suite 300A
Peoria Heights, Illinois 61616
309 643 6518
jlap@pb-iplaw.com